UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
79TH OWNER LLC AND CAULDWELL-WINGATE
COMPANY, LLC,

Case No.: 23-cv-7508

Plaintiffs,

NOTICE OF REMOVAL

– against –

KINSALE INSURANCE COMPANY,

Defendant.

-------------------------------------------------------------------x

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Kinsale Insurance Company ("Kinsale"), by and through its undersigned counsel, Kennedys CMK LLP, hereby files this Notice of Removal, and removes the above-entitled action from the Supreme Court of the State of New York, Kings County, Index No.: 524245/2023, to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, Kinsale states as follows:

## I. INTRODUCTION AND BACKGROUND

1. On or about August 21, 2023, Plaintiffs 79th Owner LLC ("Owner") and Cauldwell-Wingate Company, LLC ("Cauldwell") filed a Summons and Complaint (the "Complaint") in the Supreme Court of the State of New York, Kings County, in the action styled *79th Owner LLC, et al. v. Kinsale Insurance Company*, Index No. 524245/2023. A copy of the Summons and Complaint filed in the Supreme Court, Kings County, is annexed hereto as **Exhibit A**. Kinsale filed its Answer with the Court on September 27, 2023, a copy of which is annexed hereto as **Exhibit B**. The pleadings annexed hereto as Exhibits A and B constitute all of the pleadings filed and/or served amongst the parties to date in this action.

2. The Summons and Complaint were served on Kinsale via Kinsale's registered agent, CT Corporation System, on September 7, 2023. (*See* Service of Process Transmittal Summary annexed hereto as **Exhibit C**). Thus, this Notice of Removal is filed within 30 days after receipt by Kinsale of Plaintiff's initial pleading and is therefore timely filed under 28 U.S.C. § 1446(b).

3. As explained more fully below, this Court has original subject matter jurisdiction over this civil action based upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. This action may therefore be removed to this Court by Kinsale pursuant to 28 U.S.C. § 1441(a).

4. Plaintiff seeks defense and/or indemnity insurance coverage under a commercial general liability insurance policy issued by Kinsale to USA Interiors, LLC ("USA Interiors," and the "Kinsale Policy") with respect to an underlying lawsuit styled *Jose Angel Tutashi v. 79th Owner LLc, et al.*, filed in the Supreme Court of the State of New York, Kings County (the "Underlying Action").

5. The Underlying Action, a personal injury action, alleges among other things, that Plaintiff Jose Angel Tutashi ("Tutashi") suffered injuries due to the negligence and Labor Law violations of Owner and Cauldwell, while working at a construction project located at or about 109 East 79th Street, New York, New York.

6. In this action, Owner and Cauldwell contend that they are entitled to additional insured coverage under the Kinsale Policy with respect to the Underlying Action, and that Kinsale must "defend and indemnify [Owner and Cauldwell] on a primary and non-contributory basis, for

any and all settlements, judgments, costs, disbursements and attorneys' fees in connection with the [Underlying Action]."

## II.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION

7. Civil actions commenced in a state court, over which federal district courts have original jurisdiction, may be removed by a defendant to the federal district court for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441(a).

8. United States District Courts have original jurisdiction over all civil actions in which the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs), and the dispute is between citizens of different states. 28 U.S.C. §1332(a)(1).

9. This action is removable from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York on the basis of subject matter jurisdiction based on diversity citizenship pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1441(a), because the action is between citizens of different States, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000. *See* 28 U.S.C. § 1441(b).

10. Kinsale hereby exercises its rights, under 28 U.S.C. §1441, *et seq.*, to remove this action from the Supreme Court of the State of New York, Kings County, in which the action is now pending, to the United States District Court for the Eastern District of New York.

### A.    Diversity of Citizenship

11. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *WM Passalacqua Builders v. Resnick Developers*, 933 F.2d 131, 141 (2d Cir. 1991). A limited liability company is a citizen of each state in which its individual members are citizens. *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 409 (E.D.N.Y. 2020).

12. Owner is a Delaware limited liability company organized under the laws of Delaware, which a principal place of business in New York. (Ex. A, at ¶ 1). Cauldwell is a limited liability company organized under the laws of Delaware, also with a principal place of business in New York. (*Id.* at ¶ 2).

13. Kinsale is a corporation organized under the laws of Arkansas with its principal place of business in Richmond, Virginia and is therefore a citizen of Arkansas and Virginia for purposes of diversity of citizenship pursuant to 28 U.S.C. § 1332.

14. Upon information and belief, no individual member of Owner and/or Cauldwell is a citizen of Arkansas and/or Virginia.

15. Thus, upon information and belief, complete diversity of citizenship between Plaintiffs Owner and Cauldwell, and Defendant Kinsale, exists within the meaning of 28 U.S.C. § 1332.

### B. Amount in Controversy

16. In addition to the requisite diversity of citizenship, the jurisdictional amount of $75,000 necessary to invoke federal subject matter jurisdiction on the basis of diversity is likewise satisfied in this case.

17. Plaintiffs seek an unspecified amount of damages from Kinsale, including the alleged cost of its defense in the Underlying Action, and indemnity for any settlement and/or judgment reached in that case. (Ex. A).

18. When a complaint, on its face, seeks an indeterminate amount, does not limit its request for damages to a precise monetary amount, or is not a complaint for monetary damages, "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's

4

intended benefit or the value of the right being protected or the injury being averted." *See, e.g. Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006); *American Safety Cas. Ins. Co. v. 385 Onderdonk Avenue, LLC*, 124 F.Supp.3d 237, 242 (E.D.N.Y. Aug. 27, 2015).

19. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy [for jurisdictional purposes] is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1997); *Correspondent Servs. Corp.,* 442 F.3d at 769.

20. "Where a liability policy is involved in proceedings for a declaratory judgment, the amount in controversy for jurisdictional purposes is the maximum amount for which the insurer could be held liable under the policy." *T.H.E. Ins. Co. v. Demutis*, 1999 WL 83933, at *3 (E.D. Pa. Feb. 17, 1999) (citing *Britamco Underwriters Inc. v. stone*, 1992 WL 195378, at *2 (E.D. Pa. Aug. 3, 1992)).

21. Since Owner and Cauldwell claim to have an interest in the Kinsale Policy, alleging that the Kinsale Policy provides coverage for those entities on a primary and non-contributory basis, this Court may look to the limits of the Kinsale Policy to ensure that the amount in controversy requirement is satisfied in order to invoke federal subject matter jurisdiction. In that regard, the Kinsale Policy contains limits of liability of $1 million each occurrence and $2 million in the aggregate.

22. Furthermore, a Verified Bill of Particulars that has been provided to Kinsale indicates that Tutashi is seeking recovery in the Underlying Action for various injuries, and that his lost wage claim alone is alleged to be approximately $1,032,000.00. A copy of the Verified Bill of Particulars is annexed hereto as **Exhibit D**.

23. Because both Kinsale's coverage limits and the claims asserted by Tutashi in the Underlying Action vastly exceed $75,000, the matter in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs.

## CONCLUSION

24. For the foregoing reasons, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1).

25. This Notice of Removal has been served upon the Plaintiffs' counsel and a copy of this Notice of Removal will be filed with the Supreme Court for the State of New York, Kings County.

26. Notwithstanding this removal, Kinsale does not waive and specifically reserves any and all objections, exceptions or defenses to the Complaint in this matter, including but not limited to, moving to have this matter dismissed, stayed and/or transferred to another court.

**WHEREFORE**, Kinsale hereby removes this action pending for decision in the Supreme Court of the State of New York, Kings County, Index No.: 524245/2023to this Court.

Dated: October 6, 2023

KENNEDYS CMK, LLP

/s/ Michael J. Tricarico
Michael J. Tricarico, Esq.
Thomas C. Kaufman, Esq.
*Attorneys for Defendant*
570 Lexington Avenue, 8th Fl.
New York, New York 10022
(212) 252-0004

To: Ariella Levine, Esq.
McMahon, Martine & Gallagher, LLP
55 Washington St., Suite 720
Brooklyn, New York 11201
(212) 747-1230
alevine@mmglawyers.com