SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------x

79TH OWNER LLC AND CAULDWELL-WINGATE            Index No.:
COMPANY, LLC,

       Plaintiffs,        SUMMONS

  -against-

KINSALE INSURANCE COMPANY,

       Defendant.
---------------------------------------------------------------------x

**TO THE ABOVE-NAMED DEFENDANTS:**

Kinsale Insurance Company
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201

Kinsale Insurance Company
2035 Maywill Street
Suite 100
Richmond, VA 23226

  **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Brooklyn, New York
    August 19, 2023

             McMAHON, MARTINE & GALLAGHER, LLP

             BY: **/s/ Ariella Levine, Esq.**
             Attorneys for Plaintiffs
             79th Owner LLC and Cauldwell Wingate Company LLC
             55 Washington Street, Suite 720
             Brooklyn, New York 11201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
79TH OWNER LLC AND CAULDWELL-WINGATE        Index No.:
COMPANY, LLC,

                                    Plaintiffs,          COMPLAINT

       -against-

KINSALE INSURANCE COMPANY,

                                      Defendant.
------------------------------------------------------------------------x

**To The Above-Named Defendants:**

       Plaintiffs 79TH OWNER LLC ("OWNER") and CAULDWELL-WINGATE COMPANY, LLC ("CAULDWELL-WINGATE"), by and through their attorneys, McMAHON, MARTINE & GALLAGHER LLP, complaining of the Defendant KINSALE INSURANCE COMPANY ("KINSALE") respectfully sets forth and allege upon information and belief as follows:

       1.     At all times relevant to this Complaint, Plaintiff OWNER was and remains a foreign limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in New York County, New York, and authorized to do business in New York.

       2.     At all times relevant to this Complaint, Plaintiff CAULDWELL-WINGATE was and remains a foreign limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in New York County, New York, and authorized to do business in New York.

       3.     At all times relevant to this Complaint, KINSALE was and is a Arkansas Insurance Company organized under the laws of the Arkansas.

4. At all times relevant to this Complaint, KINSALE was and is registered with the Arkansas Secretary of State under Filing #300001559;

5. At all times relevant to this Complaint, KINSALE was and is a company principally engaged in providing commercial, property, and liability insurance products and services, including general liability insurance coverage, with a principal place of business in Little Rock, Arkansas;

6. At all times relevant to this Complaint, KINSALE was and is authorized to do business in New York and is subject to the jurisdiction of New York.

7. At all times relevant to this Complaint, KINSALE transacted business in New York and is subject to the jurisdiction of New York.

8. At all relevant times OWNER and CAULDWELL-WINGATE are named as defendants in a personal injury action now pending in the Supreme Court of the State of New York, Kings County, Index No. 500890/2022 (the "underlying personal injury action"), brought by Plaintiff, JOSE ANGEL TUTASHI.

9. At all times relevant hereto, plaintiff in the underlying personal injury action JOSE ANGEL TUTASHI ("Plaintiff" or "TUTASHI") was and is a resident of Kings County, New York.

10. TUTASHI commenced the underlying personal injury action for personal injuries against the above-named Defendants by filing the Summons and Complaint assigned Kings County Supreme Court Index Number 500890/2022, a copy of which is annexed hereto as **Exhibit A**.

11. In the underlying action, TUTASHI alleges that while an employee of third-party defendant USA INTERIORS LLC ("USA") he had an accident on or about December 16, 2021 while performing work at 109 East 79th Street, New York, NY (the "Premises").

12. A Third-Party Complaint impleading USA in the underlying action was filed by the plaintiffs in this action on or about January 11, 2023, a copy of which is annexed hereto as **Exhibit B.**

13. USA joined issue on or about July 14, 2023, by efiling their Verified Answer to Third Party Complaint, a copy of which is annexed hereto as **Exhibit C.**

14. Pursuant to the USA-CAULDWELL-WINGATE subcontract, USA agreed to provide all labor and materials necessary for drywall and carpentry at the premises. A copy of this subcontract is attached hereto as **Exhibit D.**

15. Pursuant to the USA-CAULDWELL-WINGATE subcontract, USA was required to indemnify, defend, and hold harmless Plaintiffs OWNER and CAULDWELL-WINGATE for damages arising out of work performed by USA at the Premises.

16. Pursuant to the USA-CAULDWELL-WINGATE subcontract, USA was required to procure and maintain commercial general liability insurance as more particularly set forth therein, with respect to its work at the Premises.

17. Pursuant to the USA-CAULDWELL-WINGATE subcontract, USA was required to name both Plaintiffs OWNER and CAULDWELL-WINGATE as additional insureds on the commercial general liability insurance it procured and maintained.

18. Pursuant to the USA-CAULDWELL-WINGATE subcontract, USA was required to name both Plaintiffs OWNER and CAULDWELL-WINGATE as additional insureds on the excess/umbrella insurance it procured and maintained.

19. KINSALE issued to USA a commercial general liability policy of insurance, bearing policy number 0100163972-0 (Certificate of Insurance erroneously lists Policy Number 09225686), for the policy period of September 20, 2021 through September 20, 2022 (the "KINSALE CGL policy").

20. Plaintiffs OWNER and CAULDWELL-WINGATE are both additional insureds under the KINSALE CGL policy with respect to the claims alleged in the underlying action brought by TUTASHI.

21. The KINSALE CGL policy was in full force and effect on or December 16, 2021.

22. The KINSALE CGL policy specifically provides primary and noncontributory additional insured coverage to Plaintiffs OWNER and CAULDWELL-WINGATE for the claims made in the underlying lawsuit brought by TUTASHI.

23. KINSALE charged and collected an additional premium from USA for adding additional insureds including Plaintiffs OWNER and CAULDWELL WINGATE to the KINSALE CGL policy.

24. To the extent that TUTASHI suffered bodily injuries as complained of in the personal injury action, those alleged injuries arose out of USA' work under the USA-CAULDWELL-WINGATE subcontract.

25. All conditions required by the KINSALE CGL policy to be performed by the insureds thereunder, including Plaintiffs, have been performed.

26. KINSALE was requested to provide coverage to the Plaintiffs in the underlying personal injury action.

27. KINSALE has failed to defend, indemnify, and otherwise provide coverage to Plaintiffs in the underlying personal injury action.

28. No adequate remedy at law exists.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST KINSALE

29. Plaintiffs OWNER and CAULDWELL-WINGATE repeat and reallege the preceding paragraphs as though set fully forth herein.

30. Plaintiffs OWNER and CAULDWELL-WINGATE are entitled to a declaration, order and judgment, based upon the KINSALE CGL policy, that KINSALE is obliged to defend and indemnify both Plaintiffs OWNER and CAULDWELL-WINGATE in the underlying personal injury lawsuit brought by TUTASHI on a primary and noncontributory basis, and to pay for all sums that Plaintiffs may become obliged to pay on account thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs 79TH OWNER, LLC and CAULDWELL-WINGATE COMPANY, LLC demands judgment declaring the legal rights, relations, and duties of the parties as follows:

a. On Plaintiffs 79TH OWNER, LLC and CAULDWELL-WINGATE COMPANY, LLC's First Cause of Action, that it be declared, ordered and adjudged that KINSALE is obliged under the KINSALE CGL policy to defend and indemnify Plaintiffs 79TH OWNER, LLC and CAULDWELL-WINGATE COMPANY, LLC, on a primary and non-contributory basis, for any and all settlements, judgments, costs, disbursements and attorneys' fees in connection with the underlying personal injury lawsuit brought by TUTASHI;

b. That Plaintiffs 79TH OWNER, LLC and CAULDWELL-WINGATE COMPANY, LLCare entitled to the costs and disbursements of the present action, including but not limited to reasonable attorneys' fees;

c. That all parties hereto will be bound by the final judgment entered herein; and,

   d.  That the Court grant such other and further relief, and declaration of the rights and

relations of the parties, as it deems just and proper.

Dated: Brooklyn, New York
    August 19, 2023

               McMAHON, MARTINE & GALLAGHER LLP

               BY: **/s/ Ariella Levine, Esq.**
               Attorneys for Plaintiffs
               79th OWNER LLC and CAULDWELL-
               WINGATE COMPANY, LLC
               55 Washington Street, Suite 720
               Brooklyn, New York 11201

TO:  SEE ATTACHED RIDER

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | ATTORNEY'S VERIFICATION |
| | )ss.: | |
| COUNTY OF KINGS | ) | |

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York state that I am a member of the law firm of McMAHON, MARTINE & GALLAGHER, LLP, the attorneys for Plaintiffs 79TH OWNER LLC and CAULDWELL-WINGATE COMPANY LLC, in the above entitled action.

I have read the foregoing SUMMONS and VERIFIED COMPLAINT and know the contents thereof; it is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true. The source of my information and the grounds of my belief are statements, letters, and reports examined by me relative to the matters referred to in the annexed SUMMONS and VERIFIED COMPLAINT.

The reason this verification is made by me instead of by plaintiffs is that I am in possession of the material information on which this action is based.

I affirm that the above is true under the penalties of perjury, pursuant to Rule 2106 of the Civil Practice Law and Rules.

Dated: Brooklyn, New York
       August 19, 2023

                                              */s/ Ariella Levine*
                                              Ariella Levine, Esq.

## RIDER

Kinsale Insurance Company
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201

Kinsale Insurance Company
2035 Maywill Street
Suite 100
Richmond, VA 23226