SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
79TH OWNER LLC AND CAULDWELL-WINGATE　　Index No.: 524245/2023
COMPANY, LLC,

　　　　　　　　　　　　　Plaintiffs,

　　　　　　　　　　　　　　　　　　　　**ANSWER**

　　– against –

KINSALE INSURANCE COMPANY,

　　　　　　　　　　　　　Defendant.

-----------------------------------------------------------------x

　　　　Defendant, Kinsale Insurance Company ("Kinsale"), by and through its attorneys, Kennedys CMK LLP, as and for its Answer to Plaintiffs 79th Owner LLC ("79th") and Cauldwell-Wingate Company, LLC's ("Cauldwell") (collectively, "Plaintiffs") Complaint, states upon information and belief as follows:

　　　　1.　　Kinsale denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

　　　　2.　　Kinsale denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

　　　　3.　　Kinsale admits only that it is an insurance company organized under the laws of Arkansas, and otherwise denies the allegations in Paragraph 3 of the Complaint as stated.

　　　　4.　　Kinsale admits only that it is an insurance company organized under the laws of the State of Arkansas, and otherwise denies the allegations in Paragraph 4 of the Complaint as stated.

　　　　5.　　Kinsale admits only that it is a foreign eligible excess lines insurance company in the State of New York with its principal place of business in Richmond, Virginia, and otherwise denies the allegations in Paragraph 5 of the Complaint as stated.

6. Kinsale admits only that it is a foreign eligible excess lines insurance company in the State of New York, and otherwise denies the allegations in Paragraph 6 of the Complaint as stated.

7. Kinsale admits only that it is a foreign eligible excess lines insurance company in the State of New York, and otherwise denies the allegations in Paragraph 7 of the Complaint as stated.

8. Paragraph 8 of the Complaint refers to facts purportedly taken from pleadings filed in the underlying lawsuit styled *Jose Angel Tutashi v. 79th Owner LLC, et al.*, and pending in the Supreme Court, Kings County, under Index No. 500890/2022 (the "Underlying Action"), and Kinsale refers the Court to the pleadings attached to Plaintiffs' Complaint for the contents thereof. To the extent it is determined that any further response is required, Kinsale denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint refers to facts purportedly taken from pleadings filed in the Underlying Action, and Kinsale refers the Court to the pleadings attached to Plaintiffs' Complaint for the contents thereof. To the extent it is determined that any further response is required, Kinsale denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint refers to facts purportedly taken from pleadings filed in the Underlying Action, and Kinsale refers the Court to the pleadings attached to Plaintiffs' Complaint for the contents thereof. To the extent it is determined that any further response is required, Kinsale denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint refers to facts purportedly taken from pleadings filed in the Underlying Action, and Kinsale refers the Court to the pleadings attached to Plaintiffs' Complaint for the contents thereof. To the extent it is determined that any further response is required, Kinsale denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint refers to facts purportedly taken from pleadings filed in the Underlying Action, and Kinsale refers the Court to the pleadings attached to Plaintiffs' Complaint for the contents thereof. To the extent it is determined that any further response is required, Kinsale denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint refers to facts purportedly taken from pleadings filed in the Underlying Action, and Kinsale refers the Court to the pleadings attached to Plaintiffs' Complaint for the contents thereof. To the extent it is determined that any further response is required, Kinsale denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint asserts a legal conclusion, and seeks the interpretation of a Subcontract Agreement dated October 23, 2020 (the "Subcontract"), which is a legal document that speaks for itself. Kinsale respectfully refers the Court to the terms and conditions thereof. To the extent it is determined that any further response is required, Kinsale, as a non-party to the Subcontract, denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint asserts a legal conclusion, and seeks the interpretation of the Subcontract, which is a legal document that speaks for itself. Kinsale

3

respectfully refers the Court to the terms and conditions thereof. To the extent it is determined that any further response is required, Kinsale, as a non-party to the Subcontract, denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint asserts a legal conclusion, and seeks the interpretation of the Subcontract, which is a legal document that speaks for itself. Kinsale respectfully refers the Court to the terms and conditions thereof. To the extent it is determined that any further response is required, Kinsale, as a non-party to the Subcontract, denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint asserts a legal conclusion, and seeks the interpretation of the Subcontract, which is a legal document that speaks for itself. Kinsale respectfully refers the Court to the terms and conditions thereof. To the extent it is determined that any further response is required, Kinsale, as a non-party to the Subcontract, denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint asserts a legal conclusion, and seeks the interpretation of the Subcontract, which is a legal document that speaks for itself. Kinsale respectfully refers the Court to the terms and conditions thereof. To the extent it is determined that any further response is required, Kinsale, as a non-party to the Subcontract, denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Kinsale admits only that it issued commercial general liability policy no. 0100163972-0 to USA Interiors LLC, effective September 20, 2021 through December 18, 2021 (the "Kinsale Policy"), and refers the Court to the terms, conditions, and exclusions of the Kinsale Policy for the interpretation thereof. To the extent it is determined that any further response is required to Paragraph 19 of the Complaint, Kinsale denies the allegations as stated therein.

20. Kinsale admits only that it issued the Kinsale Policy, and refers the Court to the terms, conditions, and exclusions of the Kinsale Policy for the interpretation thereof. To the extent it is determined that any further response is required to Paragraph 20 of the Complaint, Kinsale denies the allegations as stated therein.

21. Kinsale admits only that it issued the Kinsale Policy, and refers the Court to the terms, conditions, and exclusions of the Kinsale Policy for the interpretation thereof. To the extent it is determined that any further response is required to Paragraph 21 of the Complaint, Kinsale denies the allegations as stated therein.

22. Kinsale admits only that it issued the Kinsale Policy, and refers the Court to the terms, conditions, and exclusions of the Kinsale Policy for the interpretation thereof. To the extent it is determined that any further response is required to Paragraph 22 of the Complaint, Kinsale denies the allegations as stated therein.

23. Kinsale admits only that it issued the Kinsale Policy, and refers the Court to the terms, conditions, and exclusions of the Kinsale Policy for the interpretation thereof. To the extent it is determined that any further response is required to Paragraph 23 of the Complaint, Kinsale denies the allegations as stated therein.

24. Paragraph 24 of the Complaint asserts a legal conclusion, and seeks the interpretation of the Subcontract, and Kinsale respectfully refers the Court to the terms and

conditions thereof. To the extent it is determined that any further response is required, Kinsale, as a non-party to the Subcontract, denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Kinsale admits only that it issued the Kinsale Policy, and refers the Court to the terms, conditions, and exclusions of the Kinsale Policy for the interpretation thereof. To the extent it is determined that any further response is required to Paragraph 25 of the Complaint, Kinsale denies the allegations as stated therein.

26. In response to the allegations set forth in Paragraph 26 of the Complaint, Kinsale admits that it was requested to provide coverage, but denies having any obligation to do so.

27. With respect to the allegations asserted in Paragraph 27 of the Complaint, Kinsale admits that it has declined to provide additional insured coverage to the Plaintiffs with respect to the Underlying Action, but denies any allegation that its declination of coverage was improper.

28. Kinsale denies the allegations set forth in Paragraph 28 of the Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST KINSALE**

29. Kinsale repeats, reiterates and realleges all of the foregoing assertions as if more fully set forth herein.

30. Kinsale denies the allegations set forth in Paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over these claims because the Kinsale Policy includes a valid and enforceable arbitration clause directing that this, and all other disputes under the Kinsale Policy, shall be subject to binding arbitration.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred because all necessary and indispensable parties have not been joined in this action.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred, in whole or in part, by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred, in whole or in part, by the doctrine of judicial estoppel and related laws and rules.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred, in whole or in part, by Plaintiffs' prior judicial admissions.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred to the extent that Plaintiffs or those acting on Plaintiffs' behalf failed to mitigate their alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred, in whole or in part, because Plaintiffs lack standing to sue.

### NINTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred, in whole or in part, by the applicable Statute of Limitation(s).

### ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred to the extent that the coverage limits of the Kinsale Policy have been impaired, depleted, or exhausted.

### TWELFTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred, in whole or in part, by the Kinsale Policy, to the extent that the terms, conditions and other provisions of either policy have not been satisfied.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred by the Kinsale Policy because it does not afford coverage for the claims alleged.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs are or may be barred, in whole or in part, by the Kinsale Policy, to the extent that Plaintiffs seeks insurance coverage for injunctive relief, punitive damages, liquidated statutory relief, enhanced statutory relief, and/or any form of relief that does not constitute "damages" under any such policy.

### FIFTEENTH AFFIRMATIVE DEFENSE

The rights and obligations of Plaintiffs are defined and controlled by the limits of liability, terms, exclusions, conditions, and other provisions of the Kinsale Policy. The terms, exclusions, conditions and other provisions of the Kinsale Policy are too voluminous to itemize as affirmative defenses, and are therefore incorporated by reference herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is not described with sufficient particularity to permit Kinsale to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the Kinsale Policy) may exist. Kinsale, therefore, reserves the right to assert all defenses that may pertain to Kinsale once the precise nature of the allegations in the Complaint are determined.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Plaintiffs made voluntary payments, admitted liability, assumed any obligations or incurred any expenses without Kinsale's consent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Plaintiffs failed to comply with conditions precedent and subsequent necessary to obtain coverage under the Kinsale Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

The relief Plaintiffs seek is not available because Plaintiffs have failed to establish the quantum of any alleged damages and have failed to carry their burden of establishing any entitlement to insurance coverage from Kinsale for the same.

## TWENTIETH AFFIRMATIVE DEFENSE

No coverage is available under the Kinsale Policy to the extent that the Plaintiffs do not qualify as named insureds and/or additional insureds thereunder.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

No coverage is available under the Kinsale Policy to the extent that additional insured coverage was not "required by written contract . . . executed prior to the start of work on the project," or to the extent that the relevant injuries were not "caused, in whole or in part, by" the acts or omissions of Kinsale's named insured(s) and/or those acting on their behalf.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

No coverage is available for Plaintiffs to the extent that one or more of the exclusions contained under the Kinsale Policy applies, including but not limited to the Exclusion – Tainted Drywall, the Exclusion – EIFS (Exterior Insulation and Finish Systems), the Classification Limitation Exclusion, the Duty to Defend Exclusion, the Professional Liability Exclusion, the Exclusion – Dedicated Insurance Programs, or the Exclusion – Residential Condominiums, Townhomes or Tract Housing (Scheduled Units); Timeshares.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

No coverage is available to the extent that the alleged "bodily injury" did not occur during the policy period of September 20, 2021 to December 18, 2021.

## PRAYER FOR RELIEF

**WHEREFORE,** Kinsale prays that the Court enter the following relief:

A.  Entry of judgment in this action in favor of Kinsale, dismissing with prejudice the Complaint against it;

B.  A judicial determination that Kinsale is not obligated to provide coverage to Plaintiffs in connection with the Underlying Action;

C.  An award of Kinsale's attorneys' fees and costs; and

D.  Any other relief that the Court deems equitable, just, and proper.

Dated: New York, New York
September 27, 2023

KENNEDYS CMK LLP

*[signature]*

Michael J. Tricarico, Esq.
Thomas C. Kaufman, Esq.
*Attorneys for Defendant*
*Kinsale Insurance Company*
570 Lexington Avenue, 8th Floor
New York, New York 10022
(212) 252-0004

To: All Counsel of Record Via ECF

11